IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YUSIF ALIYEV,<br><br>*Petitioner*,<br><br>v.<br><br>KRISTI NOEM, *et al*,<br><br>*Respondents*. | Civil Action No. 3:26-cv-556<br><br>Hon. William S. Stickman IV |

**ORDER OF COURT**

Pending before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief. (ECF No. 7). On December 16, 2025, an Immigration Judge ("IJ") entered an order directing that Petitioner be removed to Azerbaijan. (ECF No. 7-2). Petitioner failed to appeal that decision to the Board of Immigration Appeals and, therefore, his order of removal became final following the exhaustion of appeal options on or about January 15, 2026.[1] *See* 8 C.F.R. § 1241.1(c). In his amended habeas petition, Petitioner requests that he be immediately released from immigration custody, or the Court order he receive "an individualized custody determination before a neutral adjudicator." (ECF No. 7, p. 17).

[1] The Court recognizes that the IJ granted Petitioner's application for withholding of removal under the Convention Against Torture, and that Petitioner believes his removal is not foreseeable. However, district courts lack jurisdiction over both the challenge to a final removal order itself, 8 U.S.C. § 1252(a)(5), and claims that "aris[e] from any action taken or proceeding brought to remove an alien[,]" 8 U.S.C. § 1252(b)(9). *E.O.H.C. v. Sec'y U.S. Dep't of Homeland Security*, 950 F.3d 177, 184 (3d Cir. 2020). Courts, including the United States Court of Appeals for the Third Circuit, have interpreted the jurisdictional bar to review of issues relating to removability broadly. *See Khalil v. President, United States*, 164 F.4th 259 (3d. Cir. 2026). A district court's lack of jurisdiction extends even where a petitioner seeks to challenge deportation to a country not designated on his or her final order of removal. *Tonfack v. Att'y Gen.*, 580 F. App'x. 79, 81 (3d Cir. 2014) (affirming dismissal of habeas petition for lack of jurisdiction where Petitioner challenged removal to third country, finding that issue is encompassed in removal order and not independent).

The parties' are correct in noting that the basis for Petitioner's continued detention has now shifted to 8 U.S.C. § 1231(a)(1). Notably, § 1231(a)(2) holds that during the 90-day removal period, "the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2)…." 8 U.S.C. § 1231(a)(2). Subsequently, a noncitizen ordered removed and determined by the Attorney General to be a "risk to the community or unlikely to comply with the order of removal, may be detained beyond the [90-day] removal period." 8 U.S.C. § 1231(a)(2), (6); 8 C.F.R. § 241.4(a)(1), (4). Petitioner acknowledges that ICE "issued a Decision to Continue Detention following a Post-Order Custody Review conducted pursuant to 8 C.F.R. § 241.4," and that it was served upon him. (ECF No. 7, ¶¶ 3233; ECF No. 7-3).

At this juncture, the Court holds that nothing about Petitioner's detention is unreasonable. Should his period of detention extend beyond what has been deemed presumptively reasonable, i.e., beyond July 15, 2026, he may then seek relief. *See e.g., Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that a period of six months of detention following the date the removal order becomes final is presumptively reasonable).

AND NOW, this 7th day of May 2026, IT IS HEREBY ORDERED that Petitioner's Amended Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (ECF No. 7) is DENIED. IT IS FURTHER ORDERED that the *pro se* Motion to Appoint Counsel (ECF No. 9) is DENIED.

BY THE COURT:
*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE